# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANUKRITI GOSWAMI and NEETI GOSWAMI. <br><br> *Plaintiffs*, <br><br> v. <br><br> FLORA FOODS US INC. f/k/a UPFIELD US INC. and THE FOURTH AGENCY, <br><br> Defendant. | Civ. Action No. 2:24-CV-00669-JXN-JRA <br><br> **PLAINTIFF ANUKRITI GOSWAMI'S ANSWER TO THE FOURTH AGENCY'S COUNTERCLAIMS** |

Plaintiff Anukriti Goswami ("**Plaintiff**"), by and through its undersigned counsel, hereby respond to the defendant The Fourth Agency's ("**Defendant Fourth**") Counterclaims ("Counterclaim") as follows:

## PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## FACTS

5. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

6. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

7. Plaintiff refers to the documents referenced in paragraph 7 of the Counterclaim for a true and accurate description of the contents thereof.

8. Admitted that the first direct communication between The Fourth and Anukrit Goswami relating to the Country Crock campaign was on May 20, 2020.

9. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

10. Admitted.

11. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Counterclaim.

12. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

13. Admitted.

14. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

15. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

16. Denied.

17. Denied.

18. Denied.

19. Plaintiff admits that it received a September 21, 2024 letter from Flora, and refers to that letter for a true and accurate description of the contents thereof.

20. Plaintiff admits that it responded to Flora's September 21, 2024 letter on or about October 3, 2024, and refers to that response for a true and accurate description of the contents thereof.

21. Plaintiff admits that it responded to Flora's September 21, 2024 letter on or about October 3, 2024, and refers to that response for a true and accurate description of the contents

thereof.

22. Plaintiff admits that it responded to Flora's September 21, 2024 letter on or about October 3, 2024, and refers to that response for a true and accurate description of the contents thereof.

23. Plaintiff admits that it responded to Flora's September 21, 2024 letter on or about October 3, 2024, and refers to that response for a true and accurate description of the contents thereof.

24. Plaintiff refers to the invoices referenced in paragraph 24 of the Counterclaim for a true and accurate description of the contents thereof.

25. Plaintiff refers to the Complaint for a true and accurate description of the allegations asserted therein.

26. Plaintiff admits that in May 2020 there was no formal written agreement between Anukriti Goswami and Anukriti Creatives, Inc. relating to ownership or licensing of works created by Anukriti Goswami.

27. Plaintiff admits that in May 2020 there was no formal written agreement between Anukriti Goswami and Morrison Films relating to ownership or licensing of works created by Anukriti Goswami.

28. Plaintiff admits that as of the date Anukriti Goswami relationship with Morrison Films ended, there was no formal written agreement between Anukriti Goswami and Morrison Films relating to ownership or licensing of works created by Anukriti Goswami.

## **COUNT I**

29. Plaintiff repeats paragraphs 1 through 28 as if fully incorporated herein.

30. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

31. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

32. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

33. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

34. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

35. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

36. Plaintiff denies that Defendant Fourth is entitled a declaration that (a) Houghton's May 19, 2020 9:46 AM email was a part of that license agreement, (b) Defendant Fourth and/or Defendant Flora validly exercised an option, or that such an option existed; and (c) upon payment of $225 per asset, all rights in and to the assets alleged to be infringed be assigned and transferred to Defendant Fourth, and that Defendant Fourth shall own the entire right, title and interest in and to all such assets.

37. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

## COUNT II

38. Plaintiff repeats paragraphs 1 through 37 as if fully incorporated herein.

39. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

40. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

41. Plaintiff denies that Defendant Fourth is entitled to judgment, and denies that Plaintiff had an obligation under the license agreement to grant Defendant Fourth the entire right, title and interest in and to all such assets upon payment of $225 per asset.

## COUNT III

42. Plaintiff repeats paragraphs 1 through 41 as if fully incorporated herein.

43. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

44. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

45. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

46. To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

## DEFENDANT'S PRAYER FOR RELIEF

Plaintiff denies that Defendant Fourth is entitled (i) any judgment, order, declaration or decree against Plaintiff; (i) any damages, costs, disbursements, and litigation expenses and attorneys' fees; and (iii) any relief, equitable or otherwise, requested by Defendant in its prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of acquiescence.

## THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred in whole or in part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of estoppel.

## **FIFTH AFFIRMATIVE DEFENSE**

Defendant is barred, in whole or in part, by the doctrine of unclean hands.

## **SIXTH AFFIRMATIVE DEFENSE**

Defendant has suffered no loss, damage, injury, or harm as a result of any conduct, inactions, or actions, as alleged in the Counterclaims.

Plaintiff reserves the right to amend the Answer to Defendant's Counterclaims and assert such additional defenses as may later become available or apparent to it.

DATED: March 4, 2025

Respectfully submitted,

  /s/ Jordan Greenberger
Jordan Greenberger
FIRESTONE GREENBERGER PLLC
41 Watchung Plaza, #334
Montclair, NJ 07042
(212) 597-2255
jg@firegreenlaw.com

  /s/ Lacy H. Koonce, III
Klaris Law PLLC
Lacy H. ("Lance") Koonce, III
161 Water Street
New York, NY 10038
(917) 612-5861

*Attorneys for Plaintiff Anukriti Goswami*